IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PRAKASH DEV, § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | |
| PACIFIC SPECIALTY INSURANCE § | CIVIL ACTION NO.: 5:21-CV-00519 |
| COMPANY AND HARRY WAYNE § | |
| WEATHERSBEE, § | |
| § | |
| *Defendants*. § | |

## PSIC'S NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW Defendant Pacific Specialty Insurance Company ("PSIC") and, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), removes this case from the 57th Judicial District of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this removal, PSIC respectfully offers this Court the following:

**I.
BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

**1.** This lawsuit arises out of the purported denial of a property damage claim submitted by Plaintiff Prakash Dev ("Dev") to his insurer, PSIC. *See* **Exhibit B** at ¶¶ 8–34. Upon receipt of the claim, PSIC contracted with Defendant Harry Weathersbee ("Weathersbee")—an independent insurance adjuster—to inspect and evaluate the property damage. *See id.* at ¶ 14. Following a dispute between the parties as to the value of the claim, Dev initiated this suit against PSIC and Weathersbee alleging causes of action

for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, fraud, negligence, and gross negligence. *See id.* PSIC and Weathersbee filed answers in state court in January 2021 and the parties have begun exchanging written discovery. *See* **Exhibits C & D**.

2. Importantly, on May 26, 2021, PSIC and Weathersbee sought the dismissal of Dev's claims against Weathersbee pursuant to Texas Insurance Code Section 542A.006(a), which the State court granted with prejudice after a hearing on June 2, 2021. *See* **Exhibits E & F**.

3. At the time suit was filed, it is undisputed that this case was not removable based on diversity jurisdiction because Weathersbee was not a diverse defendant. *See* **Exhibit B** at ¶ 4. However, now that the state court has dismissed all claims against Weathersbee with prejudice, there is complete diversity between the remaining parties: Dev (a citizen of Texas) and PSIC (a citizen of California). *See id.* at ¶¶ 2–3. Accordingly, PSIC now removes this case within 30 days of learning that diversity jurisdiction now exists. 28 U.S.C. § 1446(b)(3). Additionally, this case is being removed within one year of commencement of the action as required under 28 U.S.C. § 1445(c)(1).

## II.
### GROUNDS FOR REMOVAL

4. Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

A.     **Amount in Controversy Exceeds $75,000.00.**

5.     The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, because according to Dev's Original Petition, he seeks "monetary relief of no less than $100,000.00, but no more than $200,000.00[.]" *See* **Exhibit B** at ¶ 92; *see also, e.g., Wilbanks v. N. Am. Coal Corp.*, 334 F. Supp. 2d 921, 924 (S.D. Miss. 2004) ("an explicit proclamation generally controls the amount in controversy question, as plaintiffs are regarded as masters of their own complaint and are presumed to proceed in good faith.").

B.     **Complete Diversity of Citizenship.**

6.     There is also complete diversity of citizenship between Dev and PSIC because at the time the lawsuit was filed and at the time of removal:

- Dev is a citizen of Texas.  *See* **Exhibit B** at ¶¶ 3–4; and

- PSIC is a citizen of California because it is a California corporation with its principal place of business at 5515 E. La Palma Avenue, Suite 150, Anaheim, CA 92807.

7.     Because Weathersbee is no longer a party to this suit, his citizenship is irrelevant for purposes of determining diversity of citizenship.

## IV.
## VENUE IS PROPER

8.     Venue is proper in this Court under 28 USC § 1441(a), because this district and division embrace the place in which the removed State court action has been pending. Specifically, the Bexar County Judicial District Court is within the district and division of the United States District Court of the Western District of Texas, San Antonio Division. *See* 28 U.S.C. §124(d)(4).

## V.
## **DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS**

**9.** As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal, and include the following:

- **Exhibit A:** Docket sheet from State court;
- **Exhibit B:** Dev's Original Petition
- **Exhibit C:** PSIC's Original Answer[1]
- **Exhibit D:** Weathersbee's Original Answer
- **Exhibit E:** PSIC & Weathersbee's Motion to Dismiss
- **Exhibit F**: Order Dismissing Weathersbee.

**10.** Because PSIC is the only defendant remaining in this suit, it is not required to obtain the consent of any other party prior to filing this Notice of Removal. 28 U.S.C. § 1446(b)(2)(A).

**11.** On filing of this Notice of Removal, PSIC will promptly provide written notice to Dev and file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

**12.** In the event this Court subsequently identifies a defect in this Notice of Removal, PSIC respectfully requests this Court to grant PSIC leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend

---

[1] On January 15, 2021, PSIC filed an Answer in the State court proceeding. *See* **Exhibit C**; FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

13.   By filing this Notice of Removal, PSIC does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

14.   This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VI.
### CONCLUSION

PSIC represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 57th Judicial District Court of Bexar County to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 South Mopac Expressway, Suite A400
Austin, Texas 78746
(512) 472-0288 (telephone)
(512) 472-9260 (facsimile)


By:   /s/ Ryan C. Bueche
    Ryan C. Bueche
    State Bar No. 24064970
    rbueche@germer-austin.com
    Austin L. Jones
    State Bar No. 24116579
    ajones@germer-austin.com

**ATTORNEYS FOR PSIC**


**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as indicated below, on this 2nd day of June 2021.


Chad T. Wilson
Jay S. Simon
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd. Suite 555
Webster, Texas 77598
P: (832) 415-1432
F: (281) 940-2137
eservice@cwilsonlaw.com
jsimon@cwilsonlaw.com

*Attorneys for Plaintiff*

    /s/ Ryan C. Bueche
    Ryan C. Bueche